ADELIA COCKS, Appellant, *v.* DANIEL E. HAVILAND *et al.*, Respondents.

*Supreme Court, Second Department, General Term, December 9, 1889.*

*Release. Annuity.*—Where the executor, upon an investment to produce an annuity proving worthless, paid all arrears of annuity and an additional amount and received a release individually, and as executor, from all claims for back and future annuities, such release does not operate to extinguish or reduce the annuity, but only to discharge him from any personal claim.

Appeal from a portion of the decree of the surrogate of Westchester county, which adjudges that certain acts of the

petitioner and the executors had resulted in reducing an annuity, and discharging the estate therefrom.

*James A. Hudson,* for appellant,

*Thomas Nelson,* for respondents.

BARNARD, P. J.—The case is very voluminous. So far as the facts contained therein are material to the determination of the point presented they may be very briefly stated.

John Cocks, a resident of the county of Westchester, died in 1868, and directed that a sum of money sufficient to produce a net annuity of $1,000 should be invested in Westchester county. The executors were directed to pay this annuity to the testator's widow so long as she remained his widow. This direction in the will was wholly neglected, except that the executors put $10,000 at interest on bond and mortgage in Wisconsin at ten per cent.

This mortgage was not good. The widow was one of the executors, but seems to have had nothing to do with the estate, although she qualified as one. When the Wisconsin mortgage failed to produce the annuity the widow was pacified by a guaranty given by some of the children to pay the sum personally. Irregular payments were made on it. In July, 1887, there was $1,300 due for back payments, and then Haviland and his wife and Mrs. Varney, three of the executors, paid the widow $1,800 and she gave them a release as executors and as individuals from all claims against them, not only for the back and future annuities, but also for Mrs. Haviland's and Mrs. Varney's share in the estate of John Cocks, which had been divided between the children on the supposition that the Wisconsin mortgage was all which the widow needed for her annuity. The surrogate held that these payments operated to reduce the annuity to one of $777.03. This does not seem to be just. The annuity

remained entire and was reduced by the payment of this sum of $1,800, so as to pay all arrears due and $500 on future ones. The wreck of the estate was bound to pay the annuity in full so far as it was sufficient for that purpose. The only result of the release was that the widow had no personal claim to make against the three co-executors discharged from liability under its provisions. The case shows no fraud upon their part by which the release was procured. That part of the decree which reduces the annuity should be reversed, with costs to appellant out of the estate.

DYKMAN, J., concurs.

### NOTE.

As to investments by executors, etc., see Matter of Herrick, 32 N. Y. St. Rep. 1032; Matter of Butler, 1 Connoly, 58; King *v.* Talbot, 40 N. Y. 76; Matter of Blauvelt, 69 Hun, 394; Hood *v.* Hayward, 48 Hun, 330 ; Matter of Myers, 131 N. Y. 409.